IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 1:23-cr-00183-DII-2 |
| | § | |
| **DOUGLAS ROBERT PEACE (2)** | § | |
| *Defendant* | § | |

## ORDER

This matter came before the Court on November 3, 2023, for a hearing on (1) the Government's Motion to Revoke Pretrial Release, filed October 19, 2023 (Dkt. 28), and (2) the Pretrial Services Office's Petition for Action on Conditions of Release, dated October 20, 2023 (the "Petition") (Dkt. 31). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On April 11, 2023, Defendant Douglas Robert Peace was charged by criminal complaint with possession with intent to distribute and conspiracy to possess with intent to distribute approximately 8384 grams (approximately 8.3 kilograms) of Gamma-Hydroxybutyric Acid (GHB), a Schedule I controlled substance, on or about March 8, 2023, in violation of 21 U.S.C. §§ 841 and 846. Dkt. 1.[1] Defendant was arrested on April 13, 2023, and ordered released on conditions the same day. Dkt. 10. He completed residential treatment on June 10, 2023. Dkt. 21.

The Petition alleges that Defendant was arrested by the Round Rock Police Department some four months later, on October 13, 2023, and charged with Possession of Controlled Substance and Manufacture/Delivery of a Controlled Substance, in violation of Condition No. 1 of the

---

[1] Defendant subsequently was indicted on one count of Possession with Intent to Distribute Analogue Controlled Substances, in violation of 21 U.S.C. §§ 813, 841(a)(1), 802(32)(A), and 18 U.S.C. § 2, and one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), for alleged activities up to and including March 8, 2023. Dkt. 22 (sealed).

1

Court's Order Setting Conditions of Release: "The defendant must not violate federal, state, or local law while on release." Dkt. 10 at 1; Dkt. 31 at 1. At the hearing, the Government introduced evidence of substantial drug distribution activity by Defendant, including at least the recovery in a search of his apartment of distribution amounts of methamphetamine, fentanyl, and psilocybin mushrooms; delivery to him of three packages containing methamphetamine and a fourth package containing cocaine; and text messages on his phone relating to the sale of controlled substances.

The Court has considered the Pretrial Services Report, the Government's Motion, the Petition, and the evidence and arguments of counsel for Defendant and for the Government at the revocation hearing. Based on the uncontroverted record evidence, pursuant to 18 U.S.C. §§ 3148(b) and 3148(b)(1)(A), the Court finds that there is probable cause to believe that Defendant committed a Federal, State, or local felony while on release, raising a rebuttable presumption that no condition or combination of conditions will assure that he will not pose a danger to the safety of any other person or the community, and that Defendant has not rebutted this presumption. The Court also finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Defendant is unlikely to abide by any condition or combination of release. For these reasons, the Court finds, pursuant to 18 U.S.C. § 3143(a)(1), that Defendant shall be detained while awaiting trial.

For these reasons, the Court **GRANTS** the Government's Motion to Revoke Pretrial Release (Dkt. 28) and the Pretrial Services Office's Petition for Action on Conditions of Release (Dkt. 31). It is **ORDERED** that Defendant's previous release on conditions is **REVOKED** and he is **HEREBY DETAINED** pending further proceedings in this case.

**Directions Regarding Detention**

Defendant is remanded to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED** November 3, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE